[Civ. No. 12778. Second Dist., Div. One. Mar. 12, 1942.]

GEORGE E. AUSTIN et al., Appellants, v. BOARD OF CIVIL SERVICE COMMISSIONERS OF THE CITY OF LOS ANGELES et al., Respondents.

Leo B. Wayland and Frank L. Stearns for Appellants.

Ray L. Chesebro, City Attorney, S. B. Robinson, Chief Assistant City Attorney, and Gilmore Tillman, Deputy City Attorney, for Respondents.

DRAPEAU, J. pro tem.—The city of Los Angeles, under a power contained in its city charter, owns and operates an electrical distributing system. The city charter also provides that employees of the city, carrying on this enterprise, are entitled to the benefits of a civil service system.

In 1937 a public utility owned by Los Angeles Gas and Electric Company was acquired by the city. Anticipating the acquirement of this, and possibly other utilities, and in order to fix the status of employees thereof who would thereby become employees of the city, the city charter was amended in 1935 by adding section 431, reading as follows: "Sec. 431. All persons employed in the operating service of any public utility hereafter acquired by the city, or any department thereof, at, and for at least one year immediately prior to, the date of such acquisition, may be retained and employed by the city, or such department, in their respective positions, as nearly as may be, and, so long as continuously so retained and employed in such positions, shall be exempt from the civil service provisions of this charter; provided, however, that no person not a citizen of the United States, shall be so retained and employed and that persons so retained and employed shall, within three months after such acquisition, conform to any residence requirements applicable to employees of said city, or department, in like positions." (Stats. 1935, p. 2356.)

Upon the acquirement of the Los Angeles Gas and Electric Company property and in accordance with the above charter provision, a number of employees of the public utility became employees of the city. At the same time, and since then, there were and have been employed in the operation of the municipally owned system a number of civil service employees. For the purpose of distinction, we will hereafter refer to these two classes of employees as "public utility employees" and "civil service employees."

December 10, 1937, certain civil service employees were suspended for lack of work by the city. The city through its department of water and power, is empowered to determine the existence of a lack of work, and to suspend employees for that reason. In the event this is done, the board of civil service commissioners of the city determines whether such suspension violates any civil service rights of the suspended employee. The charter provides such determination shall be "final and conclusive." It is conceded that at the time there was in fact a lack of work which required the city

to dispense with the services of at least some of its employees. These suspended civil service employees petitioned the superior court for a writ of mandate, which, if granted, in effect would have required the city to discharge all public utility employees first when there was lack of work. Demurrer was interposed to this petition; it was by the court sustained without leave to amend, and judgment was rendered as against the petitioners. From this judgment they have appealed.

Respondents contend that the judgment should be affirmed for two reasons: (1) Because the courts have no right to review on the merits the suspension of a civil service employee when such suspension has been sustained by the board of civil service commissioners; (2) assuming there is a power of review in the courts, if there is lack of work, the city may suspend civil service employees and retain public utility employees, in accordance with the right so to do specifically given to it by said section 431 of the charter.

Appellants contend (a) that there is a right of review in the courts by application of the writ of mandate; (b) that the charter does not give to public utility employees the right of retention as against civil service employees when there is lack of work; and (c) that by laying off civil service employees, public utility employees were given a preferred position.

A civil service employee is not necessarily denied the right to have his case reviewed by the courts, because a city charter provides that the finding of the civil service commission shall be final and conclusive. The test as to the right of review is to be found in the answer to the query as to whether there was arbitrary action on the part of the officers clothed with authority under the charter. As was said by this court in *Lotts* v. *Board of Park Commissioners,* 13 Cal. App. (2d) 625 [57 Pac. (2d) 215], at page 634: ". . . it has been uniformly held that if a board or commission acts arbitrarily against the vested rights of individuals under the law, and therefore against the law itself, the board has not strictly, as is frequently said, 'abused its discretion'—a term which is responsible for some confusion of ideas on this subject—, but in contemplation of law, under those circumstances, the board has not exercised its discretion at all, but has sought to substitute its arbitrary determination in opposition to rights guaranteed individuals by law." Under proper circumstances there may be a right of review by the courts of the state in cases of this kind.

■ This leaves for consideration then the single question which is determinative of this case: Was the action of the city in laying off civil service employees before laying off all of the public utility employees, proper under the provisions of the city charter, in view of the amendment embodied in section 431?

This question has been before our Supreme Court, and by that court determined adversely to all of the contentions of the appellants.

In the case of *Wallis* v. *Board of Civil Service Commissioners,* 11 Cal. (2d) 430 [80 Pac. (2d) 972, 81 Pac. (2d) 428], the status of the class of employees of the city of Los Angeles which we have herein denominated public utility employees was settled. In that case at page 435 of the reported decision, the court points out that section 431 of the charter is a special provision applicable to the class to which these public utility employees belong. "The people of the city have so provided in their charter and there can be no question of their power so to do." Also, on the same page the court says: "When the conditions are present, as here, and the employing board has elected to exercise that power, the persons employed are exempt from all the civil service provisions of the charter, which would necessarily include any rule adopted by the civil service commissioners pursuant to the civil service provisions of the charter. To hold otherwise would be to accord greater force to the rule than to the charter itself and to nullify the latter."

In the case at bar, there was nothing arbitrary in the action of the city in laying off civil service employees before public utility employees when there was lack of work. The city was authorized under its charter to do exactly what was done as recited in the complaint presented to us on the appeal.

The judgment is therefore affirmed.

York, P. J., and Doran, J., concurred.